UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| DAVID GENE THOMAS, | ) | |
| Petitioner, | ) | Case No. C09-21-MJP-BAT |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al., | ) | |
| Respondents. | ) | |

## I. INTRODUCTION

Petitioner, David Gene Thomas, is an inmate at the Monroe Correctional Complex in Monroe Washington. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2003 convictions in King County Superior Court. Dkt. 10 at 1. On July 8, 2009, respondent filed a motion to dismiss contending petitioner's action is time barred under 28 U.S.C. § 2244(d)(1). Dkt. 19. Petitioner has not responded.

After careful consideration of the petition, governing law, and the balance of the record, the Court recommends that petitioner's § 2254 petition be DENIED as untimely, and that the case be **DISMISSED** with prejudice.

## II. BACKGROUND

In 2003, petitioner was sentenced to 96 months of imprisonment following convictions for

REPORT AND RECOMMENDATION - 1

child molestation and bail jumping in King County Superior Court Cause No. 01-1-02182-2-SEA. Dkt. 10 at 2. Petitioner's timely appeal was denied by the Court of Appeals of the State of Washington, Division I on July 11, 2005. *Id*. at 3. Petitioner thereafter filed a petition for review in the Washington Supreme Court. The state supreme court denied the petition on May 31, 2006. *Id* at 4.

On July 16, 2007, petitioner filed a Personal Restraint Petition (PRP) in the Court of Appeals of the State of Washington, Division I. *Id.* The PRP was denied on August 20, 2007. *Id.* Petitioner subsequently moved for discretionary review in the Washington Supreme Court. *Id.* That motion was denied on January 3, 2008. *Id.* at 4.

On January 2, 2009, petitioner placed the present habeas petition into the prison mailing system. Dkt. 1.

### III. DISCUSSION

### A. PETITIONER'S HABEAS PETITION IS TIME BARRED

Under 28 U.S.C. § 2244(d)(1) a "1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." Pursuant to this section, the one-year limitations period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1). The period of time a properly filed application for post-conviction review is pending in state court does not count toward the limitation period. *Id.* § 2244(d)(2).

The record establishes petitioner filed his federal habeas petition after the expiration of § 2244(d)(1)'s one-year statute of limitations. Petitioner's judgment became final by the conclusion

REPORT AND RECOMMENDATION - 2

of direct review on August 29, 2006, ninety days[1] after the Washington Supreme Court denied review of petitioner's direct appeal. *Id*. at 4. At that point, the 1-year period of limitations began to run. It ran from August 30, 2006 to July 16, 2007 when petitioner filed a PRP in the Washington Court of Appeals, a period of 321 days. The PRP tolled the statute of limitations until January 3, 2008 when the State Supreme Court denied review of the dismissal of the PRP and the Court of Appeals issued a certificate of finality. Dkt. 19, ex. 8. Thereafter, the statute of limitations ran an additional 366 days until January 2, 2009 when petitioner placed the present habeas petition in the prison mailing system. Dkt. 1. In total, the statute of limitations ran for 687 days. Petitioner's habeas petition is therefore untimely.

The Court has also considered whether the statute of limitations should be tolled for equitable reasons. Section 2244(d)(1)'s statute of limitations is subject to equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). However, equitable tolling "is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (internal quotations omitted). A habeas petitioner seeking equitable tolling bears the burden of proving "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. Here, petitioner has not argued he is entitled to equitable tolling and there is nothing in record establishing that "extraordinary circumstance" beyond his control made it impossible for him to file a timely petition. As there is no evidence that justifies statutory or equitable tolling, petitioner's claims should be dismissed as time-barred under 28 U.S.C. § 2244(d)(1).

---

[1] *See Bowen v. Roe*, 188 F.3d 1157, 1158-9 (9th Cir. 1999) (Direct review concludes either upon the expiration of the time to file a petition for writ of certiorari, which is 90 days, or when the Supreme Court rules on the writ.)

REPORT AND RECOMMENDATION - 3

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's § 2254 petition be DENIED and this case be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 20th day of August, 2009.

BRIAN A. TSUCHIDA
United States Magistrate Judge